# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS FARRELL,** | : | CIVIL ACTION NO. 1:06-CV-1757 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **COMMONWEALTH OF PENNSYLVANIA, ET AL.,** | : | |
| Respondent | : | |

## MEMORANDUM

Presently before the court is the *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 filed by Thomas Farrell ("Farrell"). For the reasons set forth below, the petition will be dismissed as untimely.[1]

---

[1] Upon preliminary review of the petition, the parties were directed to address whether the petition was barred by the one-year statute of limitations set forth in 28 U.S.C. §2244(d). Day v. McDonough, ___ U.S. ___, 126 S.Ct. 1675, 1684 (2006); United States v. Bendolph, 409 F.3d 155 (3d Cir. 2005) (holding a district court has the authority in 2254 proceedings to raise the statute of limitations *sua sponte* after a respondent has filed an answer, provided that the petitioner is given notice of the court's intent to deny the petition on limitations grounds and is afforded an opportunity to respond to the court's analysis). Respondent filed an Answer. (Doc. 8). Petitioner has not filed anything further.

I.   **Background**[2]

On April 12, 2002, Farrell pled guilty to Neglect of Care of a Dependent Person and proceeded to immediate sentencing. He failed to file a timely direct appeal.

On March19, 2003, he filed a motion to file an appeal *nunc pro tunc*. On that same date, he filed a *nunc pro tunc* appeal with the Pennsylvania Superior Court. Within days, the trial court denied the motion. On May 16, 2003, the superior court dismissed the appeal for failure to comply with procedural requirements.

Farrell filed a second notice of appeal *nunc pro tunc* in the trial court on July 9, 2003, which was denied on September 9, 2004. Three months later, Farrell appealed to the superior court. The Commonwealth sought to quash the appeal. On February 11, 2005, the superior court denied the Commonwealth's motion. In April 2005, Farrell withdrew his appeal.

Also pursued by Farrell in the Supreme Court of Pennsylvania was an application for allowance of appeal, which was treated as a petition for review, and an application for appropriate relief. The applications were denied on August 12, 2004, and August 19, 2004, respectively.

The instant petition was filed on September 8, 2006.

---

[2]The background facts are extracted from the petition (Doc. 1), respondent's answer (Doc. 8), and the  the Court of Common Pleas of Lackawanna County electronic docket sheet found at http:/ujsportal.pacourts.us.

**II.     Discussion**

Section 2244 establishes a one-year statute of limitations for federal habeas corpus petitions filed by a person in state custody. 28 U.S.C. §2244(d)(1). Section 2244(d)(1) states that "[a] 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a state court." Under §2244(d)(1)(A), the limitations period begins to run from the date on which the judgment became final by the issuance of a final decision on direct appeal, or by the expiration of the time period for seeking such review. Id.; see Morris v. Horn, 187 F.3d 333, 337, n.1 (3d Cir. 1999); Kapral v. United States, 166 F.3d 565, 575, 577 (3d Cir. 1999).

In the instant case, the limitations period commenced at the expiration of the time for petitioning the United States Supreme Court for a writ of certiorari, *i.e.*, ninety days after April 12, 2002, the date on which his judgment of sentence was entered. See also, Lines v. Larkins, 208 F.3d 153, 164 (3d Cir. 2000); Kapral, 166 F.3d at 575 (direct review concludes with the expiration of the time for petitioning for certiorari review). Accordingly, the limitations period for a habeas petition began to run on or about July 12, 2002 and expired one year later.

In computing the one year period, the court must exclude time during which a properly filed application for State post-conviction, or other collateral review is pending. 28 U.S.C. §2244(d)(2). Because Farrell failed to file properly state post-conviction or collateral proceedings, the statute of limitations was not tolled and

expired on or about July 12, 2003.  Consequently, the petition for writ of habeas corpus, which was not filed until September 8, 2006, will be dismissed as untimely.

An appropriate order will issue.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:	December 21, 2006

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS FARRELL,** | : | **CIVIL ACTION NO. 1:06-CV-1757** |
| **Petitioner** | : | **(Judge Conner)** |
| v. | : | |
| **COMMONWEALTH OF PENNSYLVANIA, ET AL.,** | : | |
| **Respondent** | : | |

## **ORDER**

AND NOW, this 21st day of December, 2006, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED.

2. The Clerk of Court is directed to CLOSE this case.

3. A certificate of appealability is DENIED. See 28 U.S.C. § 2253(c).


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge