# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THOMAS FARRELL,** | : CIVIL ACTION NO. 1:06-CV-1757 |
| **Petitioner** | : (Judge Conner) |
| v. | : |
| **COMMONWEALTH OF PENNSYLVANIA, et al.,** | : |
| **Respondent** | : |

## **ORDER**

AND NOW, this 29th day of May, 2007, upon consideration of petitioner's motion for reconsideration (Doc. 10) of this Court's memorandum and order (Doc. 9) dismissing his petition for writ of habeas corpus as untimely, and it appearing that respondent has not opposed the motion, and it further appearing that petitioner successfully argues that it is necessary to correct a clear error of law or prevent manifest injustice, North River Ins. Co. v. Cigna Reinsurance Co., 52 F.2d 1194, 1218 (3d Cir. 1995) (citations omitted) ("A proper motion to alter or amend judgment must rely on one of three major grounds: '(1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or], (3) the need to correct clear error [of law] or prevent manifest injustice.'"), because he claims to have filed a timely post-sentence motion in state court which was not considered by this Court because it was not properly identified on the Lackawanna

Court of Common Pleas electronic docket[1], and which, according to petitioner, was never ruled upon by the Court of Common Pleas of Lackawanna County, and it further appearing that the timely filing of this document may, at the very least, impact the accuracy of the computation of the timeliness of the federal petition, it is hereby ORDERED that:

1. Petitioner's motion for reconsideration (Doc. 10) is GRANTED.

2. The Clerk of Court is directed to VACATE the memorandum and order dismissing the petition as untimely (Doc. 9) and to REOPEN this matter.

3. The respondents are directed to treat the motion for reconsideration and brief (Docs. 10, 12) as a supplement to the petition and are afforded until June 18, 2007, to FILE a supplemental answer to the petition which specifically addresses the state court post-sentence motion petitioner references in his motion. See R. GOVERNING § 2254 CASES R. 5(b)-(d) (requiring, *inter alia*, that answer state whether petitioner has exhausted state remedies and include relevant motions, transcripts, briefs and opinions).

4. Petitioner may FILE a supplemental reply to the answer within fifteen (15) days of the filing of the supplemental answer. See R. GOVERNING § 2254 CASES R. 5(e).

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] Additionally, review of respondents' answer (Doc. 8) reveals no mention of the filing of any post-trial motions in the trial court.