IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS FARRELL,** | : | CIVIL ACTION NO. 1:06-CV-1757 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **COMMONWEALTH OF PENNSYLVANIA, et al.,** | : | |
| Respondents | : | |

**MEMORANDUM**

Presently before the court is the *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 filed by Thomas Farrell ("Farrell"). For the reasons set forth below, the petition will be dismissed as untimely.

**I.   Procedural History**

Upon preliminary review of the petition, the parties were directed to address whether the petition was barred by the one-year statute of limitations set forth in 28 U.S.C. §2244(d). Day v. McDonough, 547 U.S. 198, 126 S.Ct. 1675, 1684 (2006); United States v. Bendolph, 409 F.3d 155 (3d Cir. 2005) (holding a district court has the authority in 2254 proceedings to raise the statute of limitations *sua sponte* after a respondent has filed an answer, provided that the petitioner is given notice of the court's intent to deny the petition on limitations grounds and is afforded an opportunity to respond to the court's analysis). Respondents filed an Answer. (Doc. 8). Farrell chose not to file anything further.

On December 21, 2006, a Memorandum and Order were entered dismissing the petition as untimely. (Doc. 9). Farrell filed a motion for reconsideration arguing that his post-sentence motion filed in the trial court was not considered. (Doc. 10). The motion was granted and the Memorandum and Order were vacated. At that time, respondents were directed to file a supplemental answer addressing the issue petitioner raised in the motion for reconsideration and Farrell was afforded the opportunity to file a supplemental reply. (Doc. 13). A supplemental answer with exhibits was filed on by respondents on June 14, 2007. (Doc. 14). Farrell filed nothing further.

I. **Background**[1]

On April 12, 2002, Farrell pled guilty to Neglect of Care of a Dependent Person and proceeded to immediate sentencing. On April 22, 2002, he filed a post-sentence motion entitled "Petition for Reconsideration." (Doc. 14-2, p. 11). On

---

[1] The background facts are extracted from the petition (Doc. 1), respondent's answer (Doc. 8), and the the Court of Common Pleas of Lackawanna County electronic docket sheet found at http:/ujsportal.pacourts.us and attached as an exhibit to respondents' supplemental answer (Doc. 14-2, p. 5).

August 20, 2002, the post-sentence motion was denied by operation of law pursuant to PA. R. CRIM P. 720.[2] He failed to file a timely direct appeal.

On March 19, 2003, he filed a motion to file an appeal *nunc pro tunc* with the trial court. On that same date, he filed a *nunc pro tunc* appeal with the Pennsylvania Superior Court. Within days, the trial court denied the motion. On May 16, 2003, the superior court dismissed the appeal for failure to comply with procedural requirements.

Farrell filed a second notice of appeal *nunc pro tunc* in the trial court on July 9, 2003, which was denied on September 9, 2004. Three months later, Farrell appealed to the superior court. The Commonwealth sought to quash the appeal. On February 11, 2005, the superior court denied the Commonwealth's motion. In April, 2005, Farrell withdrew his appeal.

Also pursued by Farrell in the Supreme Court of Pennsylvania was an application for allowance of appeal, which was treated as a petition for review, and an application for appropriate relief. The applications were denied on August 12, 2004, and August 19, 2004, respectively.

The instant petition was filed on September 8, 2006.

---

[2]PA. R.CRIM. P. Rule 720 , "Post-Sentencing Procedures; Appeal," provides in relevant part:

> Except as provided in paragraph (B)(3)(b), the judge shall decide the post-sentence motion, including any supplemental motion, within 120 days of the filing of the motion. If the judge fails to decide the motion within 120 days, or to grant an extension as provided in paragraph (B)(3)(b), the motion shall be deemed denied by operation of law.

**II.     Discussion**

Section 2244 establishes a one-year statute of limitations for federal habeas corpus petitions filed by a person in state custody. 28 U.S.C. §2244(d)(1). Section 2244(d)(1) states that "[a] 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a state court." A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir.2000); Morris v. Horn, 187 F.3d 333, 337 n. 1 (3d Cir. 1999); SUP. CT. R. 13. The direct review notice of appeal shall be filed within thirty days after the entry of the order from which the appeal is taken. PA. R. APP. P. 903. "If a defendant does not pursue a timely direct appeal, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired." Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999). In the instant case, the period of time for filing a habeas corpus petition commenced at the expiration of the time for filing his direct appeal, thirty days after August 20, 2002, the date on which his judgment of sentence became final. Accordingly, the limitations period began to run on or about September 19, 2002, and expired one year later. In computing the one year period, the time during which a properly filed application for state post-conviction relief, or other collateral review, shall not be counted toward any period of limitation. 28 U.S.C. §2244(d)(2). Because Farrell

failed to properly file state post-conviction or collateral proceedings, the statute of limitations was not tolled and expired on or about September 19, 2003.[3] Consequently, the petition for writ of habeas corpus, which was not filed until September 8, 2006, will be dismissed as untimely.

An appropriate order will issue.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:  July 30, 2007

---

[3] Farrell's attempts to appeal *nunc pro tunc* did not toll the AEDPA statute of limitations. See Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004) (time during which *nunc pro tunc* request for allowance of appeal pending does not toll statute of limitations), cert. denied, 544 U.S. 1037 (2005); Douglas v. Horn, 359 F.3d 257, 261 (3d Cir. 2004) (petitions seeking nunc pro tunc relief do not toll the AEDPA statute of limitations).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS FARRELL,** | : | **CIVIL ACTION NO. 1:06-CV-1757** |
| **Petitioner** | : | **(Judge Conner)** |
| v. | : | |
| **COMMONWEALTH OF PENNSYLVANIA, et al.,** | : | |
| **Respondents** | : | |

## **ORDER**

AND NOW, this 30th day of July, 2007, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED.

2. The Clerk of Court is directed to CLOSE this case.

3. A certificate of appealability is DENIED. See 28 U.S.C. § 2253(c).


        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge